Alan Herzfeld
Scott McKay
NEVIN, KOFOED & HERZFELD
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Fax: (208) 345-8274

James H. Webster
Richard P. Blumberg
WEBSTER, MRAK & BLUMBERG
1325 Fourth Avenue, Suite 600
Seattle, Washington 98101
Telephone: (206) 223-0344
Fax: (206) 223-0316

Attorneys for Plaintiff

U.S. COURTS
97 APR 17 PM 4:49
REC'D_____FILED_____
CAMERON S. BLAKE
CLERK                    IDAHO

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

LORI BARTON on
behalf of herself and
others similarly situated,

      Plaintiff,

vs.

ALBERTSON'S, INC.,

      Defendant.

CIV 9 7 - 0 15 9 - S - BLW

Case No.

COMPLAINT FOR VIOLATION OF
FAIR LABOR STANDARDS ACT
AND STATE WAGE AND HOUR LAWS

(COLLECTIVE/CLASS ACTION)

## I. JURISDICTION AND VENUE.

1. Plaintiff seeks class-wide relief against defendant Albertson's, Inc. ("Albertson's"), in 17 states and in over 400 stores (excluding in California, Florida and Washington with over 300 stores where similar actions are already pending) for patterns and practices of unlawful

COMPLAINT - Page 1

conduct that include:

1.1.  Breaches of federal statutory obligations to pay wages for all time Albertson's permits employees to work at (1) the regular or minimum rate for each hour worked, and (2) the applicable overtime rate for work over 40 hours in one week.

1.2.  Breaches of state law obligations (1) to pay wages at agreed wage rates for all time Albertson's permits employees to work and at overtime premium rates for all time in excess of applicable overtime thresholds (e.g. eight hours in one day and 40 hours in one week), and (2) to provide rest breaks to employees on Albertson's time.

1.3.  Breaches of federal statutory and state law obligations by maintaining a Store Level Bonus Policy for quarterly nondiscretionary bonuses that:

1.3.1.  Reduces the bonuses on a "dollar for dollar basis" for overtime worked by hourly-paid managers, thereby (1) depriving such managers of mandatory overtime compensation under federal and state law, and (2) discouraging the managers from reporting all time worked.

1.3.2.  Eliminates the bonus or makes it subject to repayment based on work off the clock Albertson's has permitted the manager and his or her subordinate employees to perform, thereby (1) depriving the manager of mandatory overtime compensation, (2) indemnifying Albertson's for its own federal and state wage and hour violations, (3) discouraging the manager from reporting all time worked, (4) imposing an unlawful monetary penalty on the manager, (5) diminishing Albertson's incentive to comply with the FLSA and state wage and hour laws, (6) encouraging Albertson's to close its eyes to the occurrence of unrecorded work time by employees who are subject to the FLSA and state

COMPLAINT - Page 2

wage and hour laws, and (7) violating the FLSA and state law which prohibits employers from taking back wages theretofore paid to employees.

      1.3.3.  Reduces the store level non-discretionary bonus payable to managers based on workers' compensation claims, by charging such claims against the profits of the store on which the bonuses are based, thereby (1) depriving such managers of mandatory overtime compensation under the FLSA and state law, (2) making the managers function as insurers of Albertson's business losses through deductions from their wages in violation of the FLSA and state law, and (3) inducing managers unlawfully to pressure workers not to file and to discourage workers from filing worker's compensation claims.

      1.4.  Unfair competition or unfair trade practice that is an unlawful, unfair or fraudulent business practice by maintaining the Store Level Bonus Policy that reduces the store level non-discretionary bonus payable to managers based on workers' compensation claims, in that the policy indemnifies the employer for its business losses, thereby creating incentives for managers unlawfully (1) to pressure workers against filing worker's compensation claims and (2) to fail to accommodate injured workers.

      1.5.  Maintenance of a company-wide Time Clock Policy which threatens employees who make bona fide claims for off-the-clock work with termination of both the employee and the supervisor who suffered or permitted the work, in violation of the FLSA and state law.

      1.6.  Plaintiff's federal claims are brought as an "opt-in" collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., while the state claims are brought as a conventional class action pursuant to Fed.R.Civ.P. 23.

COMPLAINT - Page 3

1.7.  Plaintiff seeks damages, declaratory and injunctive relief under state law, equitable tolling of statutes of limitations for Albertson's suppression of wage claims for off-the-clock work during the period it suppressed claims, and attorneys' fees.

2.  This Court has jurisdiction of plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337 and § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.  This Court has jurisdiction of plaintiff's state law claims pursuant to 28 U.S.C. 1367(a), because the state law claims are so related to plaintiff's federal claims that they form a part of the same case or controversy between plaintiff and defendant.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because the defendant resides in this district and a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this district.

## II.  NATURE OF THIS ACTION.

5.  Plaintiff brings this action against defendant Albertson's because Albertson's has engaged in patterns and practices of unlawful conduct as follows:

5.1.  Albertson's has created conditions that foster work off the clock throughout its stores.  This unlawful conduct by Albertson's has not been isolated and sporadic, but rather it has been repeated and frequent.  Current and former employees of Albertson's have given some 4,000 declarations under penalty of perjury attesting to the pressures created by the Bonus System to work off the clock and not to pursue worker's compensation claims.  Many other employees of Albertson's wish to give such declarations and make claims for wages owing for work they have performed off the clock, but Albertson's has threatened to retaliate against them if they do so, and employees fear such retaliation.

COMPLAINT - Page 4

5.2.  A stated policy of Albertson's is to prohibit work off the clock, but its practice is to induce employees not to record all of their work time and to work through lunch and rest breaks so as to reduce the labor costs of Albertson's and to increase its profits.

5.3.    Albertson's induces employees not to record all their work time and to work through their lunch and rest breaks as follows:

5.3.1.  Albertson's gives employees work assignments that Albertson's knows or should know they cannot complete within their scheduled hours:

5.3.1.1.  Albertson's requires its managers to carry out their responsibilities with less scheduled work time by employees than is necessary to perform essential work functions;

5.3.1.2.  Albertson's awards bonuses to managers based on factors that include completion of essential work functions with less scheduled employee work time than is necessary for the task;

5.3.1.3.  Albertson's thereby creates pressure on its managers, including many who are hourly paid, (1) to work off the clock, (2) to induce their assistants and other subordinates to work off the clock, and (3) to permit such work off the clock.

5.3.2.  Albertson's threatens employees with reduced hours, demotion, discharge, and other punishments if they fail to complete their work assignments within their scheduled hours;

5.3.3.  If employees record the work time in excess of their scheduled hours that is necessary to finish the assigned work, then Albertson's carries out its threats by cutting their scheduled work hours, reducing or eliminating their bonuses or those of their

COMPLAINT - Page 5

managers, cutting off their career development opportunities (including opportunities for promotion to managerial positions), or terminating their employment;

5.3.4.  As a condition for obtaining paychecks and avoiding discipline or discharge, employees of Albertson's must certify from time to time that they have not worked off the clock, and these certifications are often necessarily false;

5.3.5.  Albertson's permits work off the clock to occur unchecked so long as management believes it can claim ignorance of the occurrence;

5.3.6.  If employees report to Albertson's that they have not been paid for unrecorded work time Albertson's permitted them to perform and, as a result, Albertson's can no longer pretend ignorance of such work, Albertson's blames the employees for violating written company policy that subjects them "to disciplinary action which may include termination of both the employee working the hours and the person(s) responsible for letting it occur."  Albertson's written policy is unlawful on its face, because it authorizes retaliation against employees who complain about Albertson's failure to record and pay for all time Albertson's permits them to work.

5.4.  Albertson's maintains a Store Level Bonus Policy pursuant to which it pays non-discretionary store level bonuses every three months to certain managers, including hourly-paid department managers, equal to a percentage of an amount known as the Earnings Before Bonus and Tax Prorated.

5.4.1.  Reduces the bonuses on a "dollar for dollar basis" for overtime worked by hourly-paid managers, thereby (1) depriving such managers of mandatory overtime compensation under federal and state law, and (2) discouraging the managers from reporting

COMPLAINT - Page 6

all time worked.

5.4.2. Eliminates the bonus or makes it subject to repayment based on work off the clock Albertson's has permitted the manager and his or her subordinate employees to perform, thereby (1) depriving the manager of mandatory overtime compensation, (2) indemnifying Albertson's for its own federal and state wage and hour violations, (3) discouraging the manager from reporting all time worked, (4) imposing an unlawful monetary penalty on the manager, (5) diminishing Albertson's incentive to comply with the FLSA and state wage and hour laws, (6) encouraging Albertson's to close its eyes to the occurrence of unrecorded work time by employees who are subject to the FLSA and state wage and hour laws, (7) violating state laws which prohibit employers from taking back wages theretofore paid to employees, and (8) violating state laws regulating bonds that may be required of employees.

5.4.3. Reduces the bonus based on workers' compensation claims, by charging such claims against the profits of the store on which the bonuses are based, thereby (1) depriving such managers of mandatory overtime compensation under the FLSA and state law, (2) making the managers function as insurers of Albertson's business losses through deductions from their wages in violation of the FLSA and state law, and (3) creating incentives for managers unlawfully (a) to pressure workers against filing worker's compensation claims and (b) to fail to accommodate injured workers.

5.5. Albertson's has "permitted" employees to work off the clock because its managers, including without limitation department managers, store directors, division directors, and top corporate managers, have known or should have known that Albertson's has

COMPLAINT - Page 7

failed to record and pay for all time worked as required by law. Albertson's knew or should have known that the work was occurring, because its managers, including without limitation department managers, store directors, division directors, and top corporate managers: (1) Have been present in stores when work off the clock was occurring, including when employees were working through lunch and rest breaks; (2) have the ability to determine when employees are scheduled to work and whether they are on the clock; and (3) knew or should have known that employees are likely to work off the clock when given too much work to complete on their shift, threatened with discipline, reduced work schedules or replacement if the work is not completed within the shift and without recording work hours beyond the scheduled shift.

5.6. Albertson's has a pattern and practice of attempting to shield itself from liability for unlawful employment practices by maintaining written policies that purport to forbid the unlawful practices, while at the same time maintaining conditions that foster the unlawful practices, and permitting the unlawful practices to occur unchecked so long as management believes it can claim ignorance of the occurrence. Examples of practices for which Albertson's has sought to avoid liability in this way include, in addition to work off the clock as described above, the following:

5.6.1. Maintaining a written policy that all work-related injuries and illnesses be reported and that employees must be permitted to make claims for worker's compensation benefits (for which Albertson's is self-insured), as required by law, while at the same time:

5.6.1.1. Discouraging employees from reporting job-related injuries or illnesses and making worker's compensation claims;

COMPLAINT - Page 8

        5.6.1.2.      Discouraging supervisors from accommodating employees with disabilities; and

        5.6.1.3.  Encouraging employees either to ignore (i.e., suffer) such injuries or illnesses or to make claims for other benefits that are less advantageous to the employees and less costly for Albertson's than worker's compensation.

        5.6.2.  Maintaining a written policy that employees may take all rest breaks to which they are entitled by law, while at the same time discouraging and preventing employees from taking such rest breaks.

        5.6.3.  Maintaining a written policy by which store directors must assign certain work to higher-paid employees pursuant to collective bargaining agreements (under which agreements plaintiff makes no claim in this proceeding) and having store directors sign statements that they will comply with the written policy, while at the same time telling the store directors that the corporate management of Albertson's does not really want them to follow the policy and that they may assign the work to lower-paid employees.

        5.6.4.  Maintaining a written policy to maintain accurate records of time worked by employees, while at the same time permitting the alteration of employee time records so as to reduce the amount of time recorded from that originally recorded by employees (for example by entering times for lunch breaks through which employees have continued to work) and thereby to reduce the labor costs of Albertson's.

        5.6.5.  Maintaining a written policy that Albertson's will not retaliate against employees for asserting their legal right to claim unpaid wages for unrecorded work Albertson's permitted them to perform, while at the same time warning employees that they

COMPLAINT - Page 9

are "subject to disciplinary action" for hours worked off the clock "which may include termination of both the employee working the hours and the person(s) responsible for letting it occur [i.e., the manager who permits the employee to work time that is unrecorded and unpaid]."

      5.6.6.  Maintaining a written policy that forbids freight-handling employees from running with their loads of freight and having such employees sign statements that they have not been "running" with their loads, while at the same time (1) telling the employees that they must "hustle" so as to complete their assignments within the scheduled time or face dismissal or other punishments, and (2) permitting the employees to run with their loads so as to reduce the need to work off the clock to complete their assigned tasks.

    6.  Plaintiff brings this action for (1) damages and liquidated damages under the FLSA, and (2) damages and injunctive and corresponding declaratory relief under the various state laws.  Plaintiff seeks relief on behalf of themselves and similarly situated current and former employees of Albertson's in the states in which they do business (herein "the class" or "class members").

      6.1.  It is unlawful under the FLSA for an employer:

      6.1.1.  To fail to record all time it permits employees to work and fail to pay them at the minimum wage rate or applicable overtime rates for all such work time.

      6.1.2.  To maintain the Store Level Bonus Policy described above.

      6.1.3.  To maintain a policy that subjects its employees to disciplinary action for unrecorded work time Albertson's has permitted them to work.

      6.2.  It is unlawful in the various states where Albertson's does business:

COMPLAINT - Page 10

6.2.1.  To agree to pay employees at agreed hourly wage rates for all time worked and to permit them to perform such work, but then to fail to record all time they were permitted to work and pay them at the agreed rates or applicable overtime rates for all such work time.

6.2.2.  To maintain the Store Level Bonus Policy described above.

6.2.3.  To threaten to discharge or discriminate in any other way against any employee because the employee has made any complaint that he or she has not been paid wages for time the employer knew or should have known the employee worked.

6.2.4.  To fail to permit employees to take rest breaks.

6.3.  Albertson's has patterns and practices of engaging in these unlawful acts to the detriment of plaintiff and the class.

### III.  PARTIES.

7.  Plaintiff.  Plaintiff Lori Barton is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Albertson's in some of the states in which Albertson's does business.  The plaintiff brings this action on behalf of herself and a class of others similarly situated (all current and former employees and department managers who were employed by Albertson's in the various states within the applicable periods of limitations) and seek the relief identified in part VII.  The plaintiff does not bring any claim under any collective bargaining agreement.  Plaintiff Lori Barton has been employed by Albertson's at its stores in Caldwell and Mountain Home Idaho as a front-end manager and scan manager and receiving clerk in the period from approximately 1988 to 1990 and 1992 to 1997.

COMPLAINT - Page 11

8.  Defendant.  Defendant is a Delaware corporation with headquarters in Boise, Idaho,
doing business in 20 states (Arizona, Arkansas, California, Colorado, Florida, Idaho, Kansas,
Louisiana, Mississippi, Montana, Nebraska, New Mexico, Nevada, Oklahoma, Oregon, South
Dakota, Texas, Utah, Washington, Wyoming). At all times relevant hereto Albertson's has
employed employees and done business in Idaho and these other states and has been an
employer as that term is used in the FLSA and the wage and hour laws of the various states.

IV.  FACTS.

9.  Scope Of Employment.  Albertson's has employed the plaintiff and class members
for work that includes selling merchandise and services.

10.  Methods Of Compensation.  Albertson's has uniform policies and agreements,
other than its collective bargaining agreements, to compensate the plaintiff and the class at
agreed hourly wages.

11.  Unlawfully Permitting Work Off The Clock And Without Pay, Unlawfully
Threatening To Retaliate Against Employees For Asserting Claims For Work Off The Clock,
and Unlawfully Indemnifying Itself Against Liability For Payment Of Wages Owed To
Employees, Including Hourly-paid Managers.  Albertson's has engaged in a pattern or practice
of permitting the plaintiff and the class to perform work off the clock and without pay,
including during periods in which they worked in excess of applicable overtime thresholds, of
threatening to retaliate against employees who assert claims for unpaid wages for unrecorded
time Albertson's has permitted them to work, and unlawfully indemnifying itself by contract
with hourly-paid managers against liability for payment of wages and workers' compensation
losses.  For example:

COMPLAINT - Page 12

11.1.  Albertson's gave Lori Barton work assignments that she could not complete within her scheduled hours but told her that she had to complete the assignment within the scheduled hours and without overtime.  She was threatened with reduced and changed hours, demotion, and discharge if she did not complete her assignments within the scheduled hours.  As a result she worked off the clock in order not to suffer the threatened adverse treatment and she also witnessed other employees working off the clock.

11.2.  When she injured her shoulder at work, her store director told her to not to make a worker's compensation claim but to put it on her own health insurance instead.  She was told that her worker's compensation claim would come off of the store bonuses and cost $5,000.  When she suffered an ulnar nerve injury from repetitive motion in the handling of merchandise, Albertson's refused to accommodate her disability and continued to require her to perform such duties as manhandling heavy loads of merchandise and stacking heavy wooden pallets, which aggravated the injury to her shoulder.

11.3.  When she filed a claim for wages for off-the-clock work in or about Fall 1996, she was given extra duties, including cleaning the parking lot, and subjected to coercive interrogation by Albertson's security personnel.

12.  Failing To Keep Accurate Records Of All Time Worked And All Wages Earned. Albertson's has engaged in a pattern or practice of failing to keep accurate records showing all the time it permitted the plaintiff and the class to work.  Albertson's has thereby failed to provide wage statements itemizing all hours worked each day, total hours worked each week, total hours worked each payroll period, starting and ending times, total wages due for hours worked, and total overtime compensation.

COMPLAINT - Page 13

13. Injury From Failing To Keep Accurate Records. The failure by Albertson's to keep accurate records has resulted in the plaintiff and class members not receiving wages, including wages at agreed rates and at minimum and overtime rates required by the FLSA and state law for all time worked.

14. Failing To Pay For All Time Employees Are Permitted to Work. Albertson's has engaged in a pattern or practice of permitting the plaintiff and class members to work without paying them at the agreed rates or the applicable minimum wage rates or at the applicable overtime rates for work in excess of applicable overtime thresholds for time Albertson's permitted them to work.

15. Willfully Failing To Pay All Wages Earned. Albertson's has engaged in a pattern or practice of willfully failing to pay the plaintiff and the class at the agreed wage or the applicable federal or state minimum wage or overtime rates for time Albertson's permitted them to work.

16. Unlawfully Imposing A Monetary Penalty On Hourly-paid Managers Who Work Off The Clock Or Permit Others To Work Off The Clock. Albertson's has engaged in a pattern or practice of unlawfully imposing a monetary penalty on hourly-paid managers who work off the clock or permit others to work off the clock.

17. Failing To Permit Rest Breaks On Employer's Time. Albertson's has engaged in a pattern or practice of not permitting the plaintiff and the class to take rest breaks provided by applicable state laws.

18. Maintaining a Bonus Policy That Constitutes An Unfair Or Fraudulent Business Practice. Albertson's has engaged in a pattern or practice of maintaining a store level bonus

policy that constitutes an unfair or fraudulent business practice.

## IV.  CLASS ACTION ALLEGATIONS.

19.  Class Definition.  Plaintiff brings this action on behalf of themselves and a class that includes all current and former employees and department managers and other managers of Albertson's within the applicable periods of limitations.

20.  Class Too Numerous For Joinder.  Albertson's operates over 760 stores in 20 states and employs at any one time 30 or more employees and managers in each store.  During the applicable periods of limitations prior to the commencement of this action, Albertson's has employed thousands of employees and managers.  Thus, the class is so numerous that joinder of all members is impractical.

21.  Common Questions Of Fact.  The employment policies, practices and agreements of Albertson's raise questions of fact common to the class including:

21.1.  Whether the work described above is included in the work Albertson's has employed the plaintiff and the class to perform.

21.2.  Whether Albertson's has policies and agreements to pay the plaintiff and the class for all time worked.

21.3.  Whether Albertson's has policies and agreements to compensate the plaintiff and the class for work according to the methods described above.

21.4.  Whether Albertson's has engaged in a pattern or practice of failing to keep accurate records showing all the time that Albertson's permitted the plaintiff and the class to work, and failing to provide wage statements itemizing all wages earned and all deductions from wages.

COMPLAINT - Page 15

21.5.  Whether the failure of Albertson's to keep accurate records has resulted in the plaintiff and class members not being paid wages for all time worked.

21.6.  Whether Albertson's has engaged in a pattern or practice of permitting the plaintiff and the class to work without paying for all time worked at the agreed rates or the applicable federal and state minimum wage or overtime rates.

21.7.  Whether Albertson's has engaged in a pattern or practice of encouraging the plaintiff and the class not to report, and discouraging them from reporting, all time worked.

21.8.  Whether Albertson's has engaged in a pattern or practice of threatening the plaintiff and the class with discharge or other discrimination if they make wage claims for unrecorded time Albertson's has permitted them to work.

21.9.  Whether Albertson's willfully failed to pay the plaintiff and the class at the agreed wage or the applicable state minimum wage or overtime rates for the work Albertson's permitted them to perform.

21.10.  Whether Albertson's has engaged in a pattern or practice of failing to permit the plaintiff and the class to take rest breaks on the employer's time.

21.11.  Whether Albertson's has engaged in a pattern or practice of maintaining the above-described Store Level Bonus Policy for managers, including for hourly-paid department managers.

22.  <u>Common Questions Of Law.</u>  There are common elements in the FLSA and applicable state wage and hour, employment and business practice laws.  Common questions of law for plaintiff and the class include whether the following conduct of Albertson's violated

COMPLAINT - Page 16

such laws:

22.1. Failing to keep accurate records showing all the time worked by class members that Albertson's permitted them to work and all wages earned.

22.2. Failing to provide wage statements to class members that itemize all wages earned.

22.3. Permitting class members to work without paying for all time worked at the agreed rates or the applicable minimum wage or overtime rates.

22.4. Willfully failing to keep accurate records showing all wages earned by class members.

22.5. Willfully failing to pay class members at the agreed rates or the applicable minimum wage or overtime rates for work that Albertson's permitted them to perform.

22.6. Threatening class members with discharge or other discrimination if they make wage claims for unrecorded time Albertson's has permitted them to work.

22.7. Failing to permit class members to take rest breaks on the employer's time.

22.8. Maintaining the Store Level Bonus Policy described above.

23. Other Common Issues. Other common issues of law include:

23.1. Whether Albertson's failure to pay for all time worked breached uniform individual employment agreements with the individual plaintiff and class members.

23.2. Whether Albertson's maintenance of the Store Level Bonus Policy constitutes unfair competition and is an unlawful, unfair or fraudulent business practice.

COMPLAINT - Page 17

23.3.  What compensatory damages, penalties, exemplary damages and other types of relief are the plaintiff and class members entitled to receive from Albertson's.

24.  Typicality Of Plaintiff's Claims.  The claims of plaintiff are typical of the claims of class members.

24.1.  Plaintiff's claims encompass the challenged practices and course of conduct of Albertson's.

24.2.  Plaintiff's legal claims that arise out of the alleged course of conduct by Albertson's are based on the same legal theories as the claims of the unnamed class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to plaintiff and the class.

25.  Protection Of Class Interests.  Plaintiff will fairly and adequately protect the interests of the class.

26.  Action Maintainable As Collective and Class Actions.  This action is maintainable as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), for FLSA claims, and as a conventional class action for state law claims under Fed.R.Civ.P. 23(a) and (b)(1), (2) and (3).

26.1.  The prosecution of separate actions by or against individual members of the class would create a risk of:

(A)  Inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class (Fed.R.Civ.P. 23(b)(1)(A)); and

(B)  Adjudications with respect to individual members of the class that

COMPLAINT - Page 18

would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests (Fed.R.Civ.P. 23(b)(1)(B)).

26.2. Albertson's has acted and refused to act on grounds generally applicable to class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to class members as a whole (Fed.R.Civ.P. 23(b)(2)).

26.3. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy (Fed.R.Civ.P. 23(b)(3)).

26.3.1. Class members have little or no interest in individually controlling the prosecution of separate actions (Fed.R.Civ.P. 23(b)(3)(A)).

26.3.2. Plaintiff is aware of five other lawsuits pending concerning the controversy already commenced by members of the class (Fed.R.Civ.P. 23(b)(3)(B)), all of which plaintiff's counsel are participating in except for a state court action in Colorado.

26.3.3. It is desirable to concentrate the litigation of the claims in this Court because Albertson's does business in this district (Fed.R.Civ.P. 23(b)(3)(C)).

26.3.4. This action is manageable as a collective action for FLSA claims and as a class action for state law claims, because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient (Fed.R.Civ.P. 23(b)(3)(D)).

COMPLAINT - Page 19

## VI. LEGAL VIOLATIONS AND EFFECTS.

27.  Violation Of Applicable Laws.  The conduct of Albertson's, as alleged above, has

violated the FLSA and applicable wage and hour and employment laws of the various states as

follows:

27.1.  Unlawfully Failing To Pay For All Time Employees Are Permitted To

Work.  Permitting class members to work without paying for all time worked, either at the

agreed rates or the applicable minimum wage or overtime rates.

27.2.  Unlawfully Failing To Keep Accurate Records Of All Time Worked.

Failing to keep accurate records showing all the time worked by class members that

Albertson's permitted them to work and all wages earned; and failing to provide wage

statements itemizing all wages earned.

27.3.  Unlawfully Threatening To Discharge Employees Who Claim Wages For

Unrecorded Work Time.  Threatening to discharge or otherwise discriminate against

employees who make wage claims for unrecorded time Albertson's has permitted them to

work.

27.4.  Unlawfully Failing To Permit Rest Breaks On The Employer's Time.

Failing to permit rest breaks on the employer's time.

27.5.  Threatening To Retaliate Against Employees For Asserting Claims For

Unpaid Wages.  Threatening employees who make claims for unpaid wages for work

Albertson's has permitted them to perform off the clock with discipline up to and including

dismissal.

27.6.  Unlawfully Indemnifying Itself Against Liability For Payment Of Wages

Owed To Employees, Including Hourly-paid Managers.  Engaging in a pattern or practice of unlawfully indemnifying itself by contract with hourly-paid managers against liability for payment of wages and workers' compensation losses.

27.7.  Unlawfully Imposing A Monetary Penalty On Hourly-paid Managers Who Work Off The Clock Or Permit Others To Work Off The Clock.  Engaging in a pattern or practice of unlawfully imposing a monetary penalty on hourly-paid managers who work off the clock or permit others to work off the clock.

27.8.  Maintaining a Bonus Policy That Constitutes An Unfair Or Fraudulent Business Practice. Engaging in a pattern or practice of maintaining a store level bonus policy that constitutes an unfair or fraudulent business practice.

28.  Injunctive Relief Necessary To Prevent Further Violations.  Albertson's conduct as alleged above is unlawful under state law, is continuing, is capable of repetition, and will continue unless restrained and enjoined by the Court.  Plaintiff and the class have no plain, speedy and adequate remedy at law to redress this continuing unlawful conduct.

## VII.  JURY DEMAND.

29.  Plaintiff demands trial by jury.

## VII.  PRAYER.

Plaintiff prays for judgment against Albertson's as follows:

1.  Damages.  For compensatory damages from Albertson's for plaintiff and the class, including compensation for unrecorded work time and rest breaks Albertson's failed to provide, and liquidated and exemplary damages and penalties, in amounts to be proved at trial.

2.  Injunctive Relief.  For injunctive relief requiring Albertson's:

COMPLAINT - Page 21

2.1.  To pay employees at the agreed rates and applicable minimum wage and overtime rates for all time worked by employees that Albertson's permits them to work;

2.2.  To keep accurate records showing all the time worked by employees that Albertson's permits them to work and all wages earned; and provide wage statements itemizing all wages earned;

2.3.  To cease threatening to discharge or otherwise discriminate against employees who assert claims for unpaid wages for unrecorded work Albertson's has permitted them to perform; and

2.4.  To provide rest breaks on the employer's time as required by law.

2.5.  To cease from computing, reducing, and eliminating bonuses unlawfully.

3.  Corresponding Declaratory Relief.  For a corresponding declaration of the rights and obligations under state law of (1) plaintiff and the class, and (2) Albertson's under their individual employment agreements and the various applicable state laws.

4.  Costs of Litigation and Attorneys' Fees.  For costs of litigation, including attorneys' fees.

5.  Other Relief.  For such other and further relief as the Court deems proper.

DATED this 17th day of April 1997.

ALAN HERZFELD
SCOTT MCKAY
NEVIN, KOFOED & HERZFELD

JAMES H. WEBSTER
RICHARD P. BLUMBERG
WEBSTER, MRAK & BLUMBERG

By: _____
     Alan Herzfeld

By: _____
     James H. Webster

## CONSENT TO BE A PARTY PLAINTIFF
### Fair Labor Standards Act
### 29 U.S.C. §216(b)

I, _LORI M. BARTON_, hereby consent to be a party plaintiff in an action brought against Albertson's, Inc., to recover amounts owing to me and other employees similarly situated under the Fair Labor Standards Act and other applicable laws.

EXECUTED this _17_ day of _April_, 1997.

_Lori M. Barton_
Signature

_LORI M. BARTON_
Printed Name

_1450 N. HASKETT_
Street Address

_MTN. HOME, ID. 83647_
City/State/Zip

_208-589-6443_
(Area Code) Telephone Number

cc\1251.consent.wpd